IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| WILLIAM P. ENDERICH and SUSI R. ENDERICH, | ) ) ) | |
| Plaintiffs, | ) | TC-MD 190227G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

This case is ready for decision after trial on whether Plaintiffs' expenses for probate litigation were deductible in tax year 2015. Plaintiff William P. Enderich appeared and testified on behalf of Plaintiffs. Steve Tillotson, auditor, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 3 and Defendant's Exhibits A to H were admitted.

## I. STATEMENT OF FACTS

Mr. Enderich's grandmother died in 2014, leaving a will. (Exs 1 and E.) Mr. Enderich pursued litigation relating to the division of her assets. In 2015, his legal expenses for that litigation totaled $41,374. (Ex H.)

A list of assets held by Mr. Enderich's grandmother prior to her death includes several annuities through various financial institutions, a checking and a savings account, an IRA, a life insurance policy, and a house. (Ex 3.) Each item on the asset list is assigned a cash value. (*Id.*) Mr. Enderich testified that the annuities generated dividends with which his grandmother had supplemented her social security income, and that the checking and savings accounts likely generated interest income.

/ / /

On their 2015 return, Plaintiffs claimed a Schedule A deduction for legal fees for the probate litigation and an unrelated matter. (Ex A.) Defendant disallowed the entire deduction. Plaintiffs now concede the deduction for the unrelated matter was properly disallowed, but ask the court to allow a deduction based on the $41,374 in legal fees for the probate litigation. Defendant asks the court to uphold its assessment.

## II. ANALYSIS

The issue in this case is whether Plaintiffs may deduct their legal fees for the probate matter under section 212 of the federal Internal Revenue Code (IRC). The IRC applies because Oregon has adopted the definition of taxable income used in federal tax law, subject to modifications not pertinent here. ORS 316.022(6); ORS 316.048. Because Plaintiffs seek affirmative relief, they must bear the burden of proof on all issues of fact. *See* ORS 305.427.

IRC section 212 states:

> "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
>
> "(1) for the production or collection of income;
>
> "(2) for the management, conservation, or maintenance of property held for the production of income; or
>
> "(3) in connection with the determination, collection, or refund of any tax."

Litigation expenses may be deductible under IRC section 212 where the claim litigated arises in connection with profit-seeking activities, as opposed to personal activities. *United States v. Gilmore*, 372 US 39, 49, 83 S Ct 623, 9 L Ed 2d 570 (1963) (holding under predecessor to section 212 that expenses for divorce litigation were personal and not deductible, even where disputed assets included controlling stock interests in taxpayer's company).

/ / /

By regulation, the expense of asserting a claim to the property of a decedent cannot be deducted: "Expenses paid or incurred in protecting or asserting one's right to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible." Treas Reg § 1.212–1(k).

Treasury Regulation section 1.212–1(k) is consistent with IRC section 212(2), which allows a deduction for expenses relating to income-producing property "held" by the taxpayer. Litigation over the ownership of such property goes to the question of who holds it, rather than for its "management, conservation, or maintenance." IRC § 212(2); *see Estate of Davis v. Commissioner*, 79 TC 503, 508–10 (1982) (so holding and citing cases). IRC section 212 does not provide a deduction for the expense of determining who holds property. It makes no difference whether the property itself is cash or dividend-paying stock; a deduction is disallowed where the taxpayer's interest depends only the cash value of the estate's contents. *See Grabien v. Commissioner*, 48 TC 750, 753 (1967) (holding cost of asserting claim to cash nondeductible); *Galewitz v. Commissioner*, 411 F2d 1374, 1376 (2d Cir 1969) (holding cost of defending stock interest nondeductible even against meritless claim).

In this case, Plaintiffs suggested that the expense of litigating ownership of the cash accounts and annuities pertained to income-generation because those assets generated interest and dividends, respectively. As a factual matter, the evidence does not show whether the annuities continued to pay dividends after the decedent's death. Whether they did or not, Plaintiffs' interest depended wholly on the cash value of the estate assets. Pursuant to Treasury Regulation section 1.212–1(k), the cost of asserting an ownership right to those assets is not eligible for a deduction. *See Grabien*, 48 TC at 753.

/ / /

III. CONCLUSION

Plaintiffs' probate litigation expenses do not qualify for a deduction under IRC section 212. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of January, 2020.


_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on January 28, 2020.*